# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

DANNY SHEPPARD,

        Plaintiff,

v.                                               CIVIL ACTION NO. 3:16-11418

DIRECT GENERAL INSURANCE COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Direct General Insurance Company's Motion to Bifurcate. ECF No. 11. Direct General seeks to cleave away Plaintiff's declaratory judgment action, which address whether there is coverage for Plaintiff's loss, from Plaintiff's bad faith, excess judgment, and Unfair Trade Practices Act ("UTPA") claims. Direct General also seeks a stay of discovery for all claims except the declaratory judgment action. For the following reasons the Court **DENIES** Direct General's Motion without prejudice.

Broadly, Direct General believes that time and resources could be saved were the Court to only consider Plaintiff's first cause of action requesting a declaratory judgment on whether the policy issued by Direct General includes bodily injury coverage. Direct General contends that this claim can be decided with minimal discovery because its resolution is primarily based on legal, not factual, grounds. For this reason, Direct General appears to believe that a trial on Plaintiff's declaratory judgment action is extremely unlikely and therefore does not argue that it will be prejudiced in any way were Plaintiff's claims tried in a single trial. Direct General believes that a

determination in its favor that coverage did not exist renders Plaintiff's other claims either moot or subject to substantial reconfiguration in order to continue to be viable.

Plaintiff argues that he will be prejudiced by bifurcation and a stay of discovery. Bifurcated trials would reduce Direct General's incentive to settle, increase its time to prepare, and unduly delay Plaintiff's pursuit of his bad faith and UTPA claims. Plaintiff further argues that discovery should not be stayed based on factors enunciated in the West Virginia Supreme Court case of *Light v, Allstate Ins. Co.*, 506 S.E.2d 64 (1998).

The Court is not convinced that either time or resources would be conserved in any meaningful way were Plaintiff's claims bifurcated and discovery stayed. Nor is the Court convinced that Plaintiff would not be prejudiced in time or resources were the claims separated.

Pursuant to Federal Rule of Civil Procedure 42(b) a court may order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Courts have broad authority to structure the way in which cases will be tried before them. *Moore's Federal Practice* § 42.20 (3d ed. 2009). The decision to bifurcate a case is left to the discretion of the trial court and on the basis of the specific circumstances of the litigation. *Id.* (collecting cases); *see also Alaniz v. Zamora-Quezada*, 591 F.3d 761, 773-74 (5th Cir. 2009); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). Moreover, although bifurcation is not unusual, it is the exception rather than the rule. *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001).

In three recent decisions, by federal district courts in West Virginia that are remarkably similar to this case, trial judges, including this Court, found it premature request bifurcation early in the discovery process. *See Chaffin v. Watford*, No. 3:08-cv-0791, 2009 WL 772916, at *1 (S.D.W. Va. Mar. 18, 2009) (Chambers, J.); *Holley v. Allstate Ins. Co*, No. 3:08-cv-01413, (S.D.

W.Va. Feb. 12, 2009) (Chambers, J.) *Tustin v. Motorists Mutual Ins. Co*, 2008 WL 5377835 (N.D. W.Va. Dec. 22, 2008).

The Court is guided by the principles and reasoning stated in these cases. The facts present here provide no reason for this Court to depart from the sound reasoning of past decisions. The issues raised by Plaintiff's claims are neither complex nor do they require onerous discovery for either party. Plaintiff has brought a commonplace first-party insurance claim. The constellation of deponents is almost certainly in the single digits, and the documents related to cases like these should not be difficult to locate, nor prove voluminous. There is, however, a very real chance that bifurcating the case and limiting discovery will result in duplicative discovery. Plaintiff will likely seek discovery on his declaratory judgment action that would include the same people and documents as his other state law claims. On balance, it appears to the Court that bifurcation, rather than a single action, presents the higher risk of increased costs and time for all involved and the possibility of prejudice befalling Plaintiff in further delaying his attempt at recovery.

That interpreting the policy presents a threshold issue is irrelevant to the Court's decision. Nearly every case that comes before the Court has a threshold issue that upon resolution in one or the other parties' favor might obviate other claims. The proponent of bifurcation must show more than the ordinary to convince the Court to disrupt the customary course of litigation. *See Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir. 2000) (trial court did not abuse its discretion by denying a motion to bifurcate where defendant made no showing of prejudice). The issue of the meaning of the policy can be addressed in a summary judgment motion.

For the same reasons, the Court denies Direct General's request to stay discovery. Plaintiff should not be required to conduct discovery twice when it can all be done at once, especially in the case of a straightforward first-party insurance claim.

For the foregoing reasons Direct General's Motion to Bifurcate and Stay Discovery is **DENIED** without prejudice. ECF No. 11. Should some aspect of the litigation change over the course of discovery, the Court would entertain another motion to bifurcate.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: June 19, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE