IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**DANNY SHEPPARD,**

    **Plaintiff,**

v.                                                      Case No.: 3:16-cv-11418

**DIRECT GENERAL INSURANCE
COMPANY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's Motion to Compel Discovery. (ECF No. 41). Defendant has filed a memorandum opposing the motion, (ECF No. 44), and Plaintiff has replied. (ECF No. 45). Therefore, the motion is fully briefed, and the undersigned finds no need for oral argument. For the reasons that follow, the undersigned **GRANTS**, in part, and **DENIES**, in part, the motion to compel.

**I.**     **Relevant History**

On June 29, 2012, Plaintiff was involved in a serious automobile accident caused by Robert Conway, who, while intoxicated, drove his vehicle across the center line of Route 60 in Cabell County, colliding head-on with the vehicle driven by Plaintiff. (ECF No. 1 at 2). At the time of the accident, Conway was living and working in West Virginia and had a valid automobile insurance policy issued by Defendant. (*Id.* at 3). Accordingly, Plaintiff asserted a claim against Conway's policy, requesting payment for Plaintiff's bodily injuries. Ultimately, Defendant denied Plaintiff's claim on the basis that Conway

1

did not have coverage for bodily injury under his automobile insurance policy.

Plaintiff filed a personal injury lawsuit against Conway in 2014, and in 2015, obtained a default judgment in the amount of $2,773,776.99. (*Id.* at 4-5). Thereafter, Conway assigned to Plaintiff any and all claims for compensatory and punitive damages that Conway possessed against Defendant arising out of its alleged mishandling of Plaintiff's 2012 claim. (*Id.* at 5). Plaintiff filed the instant action, seeking a declaratory judgment that bodily injury coverage existed under Conway's policy and asserting various other claims based on Defendant's denial of Plaintiff's bodily injury claim.

In the course of discovery, Plaintiff served Defendant with interrogatories and requests for the production of documents. Defendant respond to the discovery, but Plaintiff was dissatisfied with some of Defendant's answers. The parties attempted to resolve the issues, but were unable to settle all of their differences. Consequently, Plaintiff filed the instant motion to compel. The motion asks the court to compel more complete answers to Interrogatory Nos. 1, 4, 5, 8, 16, 18 and document Request for Documents Nos. 2, 3, 14, 15.

## II. Discussion

Having considered the arguments and the relevant law, the Court **ORDERS** as follows:

### A. Interrogatory No. 1 and Request for Production No. 14

In these discovery requests, Plaintiff seeks seven years of financial information from Defendant. Defendant objects to the discovery requests on the basis that Plaintiff has not yet demonstrated a *prima facie* claim for punitive damages and provides no other reason for the disclosure of such information. Plaintiff does not dispute the accuracy of Defendant's objection; instead, Plaintiff offers a compromise, agreeing to

accept two years of financial information to be produced at the pretrial hearing.

As Defendant points out, this Court has previously held that a plaintiff must "make a prima facie claim for punitive damages before being entitled to discovery of a defendant's financial records. To make a prima facie claim for punitive damages ... a plaintiff must produce some factual evidence in support of her claim." *Robinson v. Quicken Loans Inc.*, No. CIV.A. 3:12-0981, 2013 WL 1704839, at *4 (S.D.W. Va. Apr. 19, 2013). Surviving a motion for summary judgment, or filing a motion to compel "that includes sufficient supporting evidence (*i.e.,* affidavits, documentary evidence) to demonstrate a viable claim for punitive damages" are two avenues by which Plaintiff may make such a showing in this case. *Id.* at n. 3. At this point, Plaintiff has not made a sufficient factual showing to justify an order compelling the production of Defendant's financial records. Accordingly, Plaintiff's motion to compel Interrogatory No. 1 and Request No. 14 is **DENIED** as premature.

### B. Interrogatory No. 4

In Interrogatory No. 4, Plaintiff asks for information regarding the individuals who handled Plaintiff's 2012 claim. Defendant provided some of the requested information, including a list of the involved employees. Plaintiff acknowledges receipt of the employees' names, but argues that Defendant should be compelled to identify which of the listed employees "were involved in the decision to deny coverage for Plaintiff's bodily injury claim." (ECF No. 45 at 3). Plaintiff explains that this additional information will allow him to narrow the scope of future discovery. In view of Plaintiff's explanation, and noting that this information is relevant to some of Plaintiff's claims and not particularly burdensome, Plaintiff's motion to compel a supplemental response to Interrogatory No. 4, as framed herein, is **GRANTED**.

### C. Interrogatory No. 5

In this query, Plaintiff asks for Defendant's rationale in making a determination that West Virginia was not a State that required Defendant to afford bodily injury coverage if such coverage was not purchased by the insured. Defendant has answered the interrogatory, but Plaintiff feels the answer is inadequate. In his reply memorandum, Plaintiff asks that Defendant be compelled to clarify two aspects of its prior answer: (1) whether Conway's residency at the time of the accident was a factor in Defendant's denial of coverage, and (2) whether any of Defendant's claim handlers sought guidance from Defendant's legal department in reaching the conclusion that West Virginia is not a "deemer" State (that being one that required Defendant to provide bodily injury coverage despite the insured's failure to purchase same), or in denying coverage. Once again, these questions are easily answered and relevant. Given that Plaintiff is not asking Defendant to disclose attorney/client communications, the Court **GRANTS** Plaintiff's Motion to Compel Interrogatory No. 5 and **ORDERS** Defendant to make the two clarifications.

### D. Interrogatory No. 8

Plaintiff seeks information regarding all of Defendant's bad faith claims, litigation, informal complaints, and grievances filed in both Florida and West Virginia for a period of ten years. Defendant objects, arguing that its experience in Florida has no relevance to this case. With respect to West Virginia, Defendant asserts that it has not been named in any bad faith claim filed with the Insurance Commissioner's office, or in any bad faith litigation filed in West Virginia for the past seventeen years, with the exception of the instant action. Plaintiff contends that the information supplied is insufficient, because he needs to prove that Defendant had a business pattern and

4

practice of wrongfully denying bodily injury claims under similar circumstances.

Plaintiff's primary contention in this case is that Defendant wrongfully refused to interpret Conway's insurance policy to provide the minimum mandatory bodily injury coverage required by the State of West Virginia. Plaintiff has already received information demonstrating that no other similar claim or complaint has ever been asserted against Defendant in the State of West Virginia. In his memorandum in support of the motion to compel, Plaintiff offers to limit the scope of his interrogatory to "just those bad faith claims filed in Florida relating to a denial of [bodily injury] claims arising out of accidents occurring in a state other than Florida based on an insured's failure to purchase [bodily injury] coverage." (ECF No. 42 at 17). Defendant continues to object to the request, as amended, on the basis that claims filed in Florida are irrelevant to Defendant's actions in West Virginia.

While Defendant may be correct that this information will not be admissible at trial, admissibility is not the determinative factor in discovery. *See* Fed. R. Civ. P. 26(b). The newly delineated discovery request seeks information that is relevant to Plaintiff's case, and Defendant does not contend that producing same would be burdensome or disproportional. Accordingly, the Court **GRANTS** Plaintiff's motion to compel Interrogatory No. 8, as modified by Plaintiff. Presumably, Plaintiff requests matters filed in Florida, because the policy in this case was generated in Florida. Accordingly, Defendant is **ORDERED** to provide Plaintiff with a list of bad faith lawsuits filed in Florida and with a list of formal claims filed with an governmental agency in Florida that allege that Defendant *wrongfully* denied a bodily injury claim on the basis that the insured had not purchased bodily injury coverage. Defendant shall provide this information for the years 2007 through 2016, inclusive. Defendant shall not be required

to provide a list of grievances or informal complaints.

### E. Interrogatory No. 16

In this interrogatory, Plaintiff asks Defendant to identify every bodily injury claim presented within the last ten years under a policy of insurance issued by Defendant, or any of its affiliates, **or** in which Defendant reformed its policy to "satisfy a foreign State's compulsory motor vehicle insurance requirements." Plaintiff fails to provide any cogent explanation as to how the information requested in this interrogatory is proportional to the needs of the case. Plaintiff has no need to receive information on **all** bodily injury claims presented under **any** policy issued by **any** affiliate of Defendant, regardless of the type of policy. Moreover, Plaintiff has not demonstrated that the law of the fifty States is the same or similar on the relevant issues; that the policies at issue in the individual cases share common facts; or that the same decision makers adjusted the various claims. Moreover, there is some confusion as to whether Plaintiff wants information about "reformed" policies, or actually requests information regarding "conformed" policies. Accordingly, at this point, the interrogatory is too broadly worded to satisfy a proportionality analysis. Furthermore, it requests information that is not sufficiently related to the facts of this case to warrant supplementation of Defendant's response. Therefore, the Court **DENIES** Plaintiff's motion to compel Interrogatory No. 16.

### F. Interrogatory No. 18

Plaintiff seeks information regarding the training provided to Defendant's claim adjusters who handle bodily injury claims arising from automobile accidents occurring in States other than Florida. Specifically, Plaintiff wants to know what and when training was provided on interpreting the compulsory motor vehicle insurance laws of States

other than Florida. Defendant refuses to provide this information on the basis that it is irrelevant.

Certainly, how Defendant arrived at its decision to deny coverage is relevant to some of Plaintiff's claims; therefore, the training of Defendant's decision makers is relevant. Having said that, there is nothing to suggest that the training received by every claims adjuster working for Defendant is relevant to what transpired in this case. Accordingly, the Court **GRANTS** the motion to compel, but limits the scope of the interrogatory. Defendant is **ORDERED** to provide Plaintiff with information regarding the training received by any of Defendant's employees or claim handlers who played a role in the decision to deny Plaintiff's 2012 bodily injury claim.

### G. Requests for Production of Documents Nos. 2 and 3

Plaintiff requests all advertising, marketing, and promotional materials generated by Defendant from 2008 to the present. According to Plaintiff, this information is relevant to whether Conway reasonably believed he was covered by automobile liability insurance in any State in which he traveled. Defendant objects to the requests on the basis that Conway testified that he did not rely on any advertising, marketing, or promotional materials in purchasing his policy of automobile insurance. Defendant attaches a copy of the relevant portion of Conway's deposition as proof of Defendant's assertion. (ECF No. 44-1 at 1).

Having reviewed the deposition transcript, the undersigned agrees with Defendant that Conway denied relying on any of Defendant's advertising or promotions when selecting his insurance coverage. Although Conway did not unequivocally eliminate advertising as a component in his purchase of insurance when responding to the general deposition question inquiring about same, he denied any memory of seeing

7

particular commercials on television, denied reading any newspaper or magazine advertisements, and did not own a computer. Without some evidence that advertising or promotions played a role in Conway's selection of coverage, the requests seek information that is entirely irrelevant to the issues in dispute. Therefore, the Court **DENIES** Plaintiff's motion to compel Requests for Production Nos. 2 and 3.

### H. Request for Production of Documents No. 15

In this request, Plaintiff asks for copies of manuals, rules, guidelines, directives, or procedures used by Defendant's employees in handling Plaintiff's 2012 claim. In its memorandum in opposition to motion to compel, Defendant indicated that all responsive materials had previously been provided. In his reply, Plaintiff asks that the Defendant be ordered to clarify which of the previously provided documents are responsive to this request. The undersigned finds Plaintiff's request to be reasonable and in keeping with the requirements of Fed. R. Civ. P. 34. Therefore, the motion to compel, as reformulated in Plaintiff's reply brief, is **GRANTED**.

### III. Conclusion

In summary, Plaintiff's motion to compel is **GRANTED,** to the extent indicated herein, and is **DENIED** as stated. Defendant is **ORDERED** to serve the supplemental responses and documents within **ten (10) days** of the date of this Order.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** December 4, 2017

Cheryl A. Eifert
United States Magistrate Judge